# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3751

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Reginald Wicks, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: March 12, 2007
Filed: March 20, 2007

_____

Before RILEY, BOWMAN, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Reginald Wicks (Wicks) appeals his sentence of 120 months' imprisonment for distributing, possessing with the intent to distribute, and conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(C), and 846. Wicks argues the district court[1] erred by concluding Wicks was ineligible for safety valve relief under 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2. We affirm.

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Wicks entered into a proffer agreement with the government in which he stated Curtis Tatem (Tatem), his brother and co-defendant, distributed crack cocaine. Later, Wicks recanted these statements, asserting law enforcement officers had pressured him into making incriminating statements about Tatem. The district court found Wicks was ineligible for safety valve relief because, by recanting his prior statements, Wicks had not provided truthful information about his offenses.

We review for clear error the district court's findings regarding whether a defendant is eligible for safety valve relief.[2] United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc), cert. denied, 126 S. Ct. 1096 (2006). "Defendants have the burden to show affirmatively that they have satisfied each

---

[2]A defendant is eligible for safety valve relief if:

    (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

    (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (3) the offense did not result in death or serious bodily injury to any person;

    (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

    (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

requirement for the safety valve, including whether truthful information and evidence have been given to the government." Id.  Here, the district court's finding that Wicks was ineligible for safety valve relief, because Wicks recanted his prior statements and thus never provided complete, truthful information to the government, is not clearly erroneous.  See United States v. Morones, 181 F.3d 888, 891 (8th Cir. 1999) (stating "the defendant [who] initially tells the government the whole truth but later recants" is "no more entitled to safety valve relief than the defendant who never discloses anything about the crime and its participants").

Accordingly, we affirm.

_____